**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WELSELLY SANTANA,

     Plaintiff,

v.                                                    Case No. 8:26-cv-878-KKM-AEP

METLIFE FOUNDATION, et al.,

     Defendants.

_____

**ORDER**

Plaintiff Welselly Santana moves to set aside this Court's April 3, 2026 judgment dismissing her case. *See* Mot. (Doc. 12). I deny the motion as frivolous. Because Santana has engaged in vexatious and abusive litigation in this and other cases, the Court bars Santana from submitting any documents in this case absent signature of counsel.

On March 30, 2026, Santana filed a complaint in which she claims to be the "Sole Heir of 'The British Crown.'" Compl. (Doc. 1) at 3. She seeks "to establish a partnership and sponsorship in order to fund [Santana's] personal bank account from the Trust Funds in which [Santana is] the sole heir." *Id.* at 5. On April 1, 2026, The Court dismissed the complaint as frivolous and directed the clerk to enter judgment. *See* (Doc. 3). Santana noticed an appeal, but did not pay the filing fee. *See* (Doc. 7). On April 10, 2026, Santana moved

to reopen the case, which the Court denied. *See* (Doc. 9). On April 21, 2026, Santana moved "for relief for trust beneficiaries," and claimed that the "[c]ase dismissed by Judge Kathryn Kimball Mizelle is invalid as The Judge is dead . . . since 1975 for asking on behalf of the Crown for a (VOA) Verification of Assets." *See* (Doc. 10) at 1. The Court denied the motion and warned Santana that continuing to file frivolous cases would result in sanctions. *See* (Doc. 11). Three days later, Santana moved again to set aside the judgment. *See* (Doc. 12).

Santana has filed more than a dozen cases in the Middle District since March 23, 2026. *See Santana v. Amerant Bancorp Inc. et al.*, No. 8:26-cv-1061-JLB-AAS, Dkt No. 9,  Order Dismissing Case at 2 n.1 (April 20, 2026) (collecting cases). She has been warned that further frivolous filing will result in a prefiling injunction. *see id.*, Dkt. No. 14 (warning Santana "that if she continues to file additional motions or documents, she may be barred from filing within this District as a vexatious litigant").

The Court has an obligation "to protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions," *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam), and is "authorized to restrict access to vexatious and abusive litigants," *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015) (per curiam), to carry out this responsibility.

As evidenced by Santana's persistent and willful disregard for multiple court orders, Santana has engaged in vexatious and abusive litigation tactics in this case. As a result, except for an appeal of this order, Santana is prohibited from filing any submissions in this case unless signed by a member of the Florida bar who is in good standing and eligible to practice before courts in the Middle District of Florida. *See Brewer*, 614 F. App'x at 427; *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) ("The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from *any* access to the court.'" (emphasis in the original) (quoting *Procup*, 792 F.2d at 1074)); *Hooker v. United States*, No. 22-12820, 2023 WL 3317413, at *1–2 (11th Cir. May 9, 2023) (per curiam) (concluding that the district court did not abuse its discretion in modifying a pre-filing injunction to enjoin the plaintiff "from filing any additional lawsuits against any agency of the United States related to his employment *or* [his ban from a healthcare system], unless signed by an attorney").

Absent the signature of counsel as described above, the Clerk is directed to delete, disregard, or otherwise reject any submissions Santana submits, or causes to be submitted, in this case, whether through the Electronic Document Submission Web Portal or by a paper filing. The sole exception to this bar is an appeal of this prefiling injunction.

## IV.    CONCLUSION

Accordingly, the following is **ORDERED**:

1.    The Motion to Reopen the Case (Doc. 12) is **DENIED** as frivolous.

2.    Except for an appeal from this order, Santana is barred from submitting any papers in this case absent the signature of counsel admitted to the Middle District of Florida bar, including through the court's Electronic Document Submission Web Portal.

**ORDERED** in Tampa, Florida, May 6, 2026.

Kathryn Kimball Mizelle
United States District Judge

4